**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KHALIM SADYKOV, | : | |
| Petitioner, | : | No. 26-cv-0086-JMY |
| | : | |
| vs. | : | |
| | : | |
| MICHAEL ROSE, Field Office Director of | : | |
| Enforcement and Removal Operations, | : | |
| Philadelphia Field Office, Immigration and | : | |
| Customs Enforcement; JAMAL L. | : | |
| JAMISON, Warden of Philadelphia Federal | : | |
| Detention Center, | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 16th day of January, 2026, upon consideration of the Petition for Writ of Habeas Corpus (Petition, ECF No. 1), the Government's Response in Opposition to the Petition for Writ of Habeas Corpus (ECF No. 5), and Petitioner's Response to the Government's Opposition (ECF No. 7), it is hereby **ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);[1]

2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on January 20, 2026;

3. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1226.1(c)(8), (d)(1), etc.; and

4. The Clerk of Court shall mark this case closed.[2]

**BY THE COURT:**

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1] Petitioner was granted parole under 8 U.S.C. § 1182(d)(5); therefore, he is no longer subject to mandatory detention under 8 U.S.C. § 1225(b).  The Court recognizes that the Government may, under some circumstances, terminate parole that has been granted under 8 U.S.C. § 1182(d)(5); however, it must first provide written notice of its determination that the purpose of parole was accomplished, or its determination that "neither humanitarian reasons nor public benefit warrants the continued presence of an alien in the United States."  8 C.F.R. § 212.5(e)(2)(i).  In conjunction with written notice, the Government must also provide the alien resident with a meaningful opportunity to respond to its decision to terminate parole.

[2] On December 21, 2022, Petitioner, presented himself to the U.S. Customs and Border Protection (CBP) agency at the San Ysidro, California port of entry and expressed his intent to seek asylum in the United States; at that time CBP was well within their right to place Petitioner in mandatory detention pursuant to 8 U.S.C. § 1225(b).  (Petition for Writ of Habeas Corpus ¶ 2; ECF No. 1.)  CBP interviewed Petitioner to review his potential asylum claim and determine whether he presented a security risk or a risk of absconding.  (*Id.*)

Based on Petitioner's individualized facts and circumstances, Petitioner was granted permission to lawfully enter the United States on a temporary basis and given humanitarian parole under 8 U.S.C. § 1182(d)(5) while he pursued his application for asylum.  (*Id.* ¶ 3.)  Thus, on December 21, 2022, Petitioner was permitted lawfully to enter and remain in the United States while his immigration proceedings progressed.  (*Id.*, Exhibit A & B, ECF No. 1-1.)  He was issued an I-94, Record of Entry, as well as a Notice to Appear (NTA) in immigration court.  (*Id.*)  Additionally, as a condition of his parole he was required to check-in with Immigration and Customs Enforcement (ICE) at regular intervals.  (*Id.* ¶ 3.)

Petitioner submitted an asylum application, attended his immigration court hearings, obtained employment authorization, a social security card, and was working for Amazon Flex.  (*Id.* ¶ 4.)  On January 2, 2026, Petitioner was working for Amazon Flex when he was arrested by ICE.  In essence, ICE was revoking his parole by choosing to detain him under Section 1225(b).

The Government contends that: (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) this Court lacks jurisdiction to review DHS's discretionary decision to terminate parole grants; (3) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (4) neither a grant of discretionary parole nor its later revocation changes Petitioner's legal status as an inadmissible arriving alien; and (5) Petitioner's detention does not offend due process.

Federal district courts located within the Eastern District of Pennsylvania have rejected the arguments advanced by the Government in its Response in Opposition to the Petition for Writ of Habeas Corpus.  *See e.g., Muev v. O'Neill,* No. CV 25-7172 (E.D. Pa. Jan. 13, 2026); *Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. CV 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. CV 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. CV 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

Federal district courts located outside of the Eastern District of Pennsylvania have similarly rejected the Government's position.  *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123 (D. Or. 2025); *A-J-R v. Rokosky*, 2026 WL 25056 (D.N.J. 2026); *Munoz Materano v. Arteta*, 2025 WL

2630826 (S.D.N.Y. 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128 (W.D.N.Y. 2025); *Pablo-Mendoza v. Lynch*, 2026 WL 40070 (W.D. Mich. 2026); *Yakubiv v. Raycraft*, 2026 WL 19099 (W.D. Mich. 2026); *Guerrero Rujano v. Lynch*, 2026 WL 18618 (W.D. Mich. 2026); *Gabriel v. Bondi*, 2025 WL 3443584 (D. Minn. 2025); *Rodriguez Cabrera v. Mattos*, 2025 WL 3072687 (D. Nev. 2025); *L-J-P-L- v. Wamsley*, 2025 WL 2430268 (D. Or. 2025); *Ramirez Tesara v. Wamsley*, ___ F. Supp. 3d ___ (W.D. Wash. 2025); *E.A.P.C. v. Wofford*, 2026 WL 32833 (E.D. Cal. 2026); *Ana Gisela Valle Garcia v. Chesnut*, 2025 WL 3771348 (E.D. Cal. 2025); *Selim Kirboga v. LaRose*, 2025 WL 3779426 (S.D. Cal. 2025); *J.E.H.G. v. Chesnut*, 2025 WL 3523108 (E.D. Cal. 2025); *Aguilera v. Albarran*, 2025 WL 3485016 (E.D. Cal. 2025); *Castillo v. Wofford*, 2025 WL 3466064 (E.D. Cal. 2025); *E.A.P.C. v. Wofford*, 2025 WL 3289185 (E.D. Cal. 2025); *Arias v. LaRose*, 2025 WL 3295385 (S.D. Cal. 2025); *M.R.R. v. Chestnut*, 2025 WL 3265446 (E.D. Cal. 2025); *Ramandi v. Field Office Director, ICE ERO San Francisco*, 2025 WL 3182732 (E.D. Cal. 2025); *M.V.I. v. Andrews*, 2025 WL 3154403 (E.D. Cal. 2025); *O.P.A.M. v. Wofford*, 2025 WL 3120552 (E.D. Cal. 2025); *C.A.R.V. v. Wofford*, 2025 WL 3059549 (E.D. Cal. 2025); *J.S.H.M. v. Wofford*, 2025 WL 2938808 (E.D. Cal. 2025); *Noori v. LaRose*, 2025 WL 2800149 (S.D. Cal. 2025); *Espinoza v. Kaiser*, 2025 WL 2675785 (E.D. Cal. 2025); *Espinoza v. Kaiser*, 2025 WL 2581185 (E.D. Cal. 2025); *Espinoza v. Kaiser*, 2025 WL 2609456 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, 2025 WL 2495767 (E.D. Cal. 2025); *Salazar v. Kaiser*, 2025 WL 2456232 (E.D. Cal. 2025); *Garcia v. Andrews*, 2025 WL 2420068 (E.D. Cal. 2025); *Castellon v. Kaiser*, 2025 WL 2373425 (E.D. Cal. 2025); *Maklad v. Murray*, 2025 WL 2299376 (E.D. Cal. 2025); *Villegas-Gonzalez v. Lynch*, 2025 WL 3767939 (W.D. Mich. 2025); *Morales Benavente v. Raycraft*, 2025 WL 3760755 (W.D. Mich. 2025); *Kenzhebaev v. Noem*, 2025 WL 3737975 (W.D. Mich. 2025); *Padilla Hernandez v. Raycraft*, 2025 WL 3730936 (W.D. Mich. 2025); *Tezara Munoz v. Lynch*, 2025 WL 3687338 (W.D. Mich. 2025); *Gil Pirona v. Noem*, 2025 WL 3687339 (W.D. Mich. 2025); *Rodriguez v. Raycraft*, 2025 WL 3673583 (W.D. Mich. 2025); *Quintero-Martinez v. Raycraft*, 2025 WL 3649515 (W.D. Mich. 2025); *Marin v. Lynch*, 2025 WL 3533028 (W.D. Mich. 2025); *Arevalo v. Lynch*, 2025 WL 3522106 (W.D. Mich. 2025); *Ocanto v. Lynch*, 2025 WL 3522113 (W.D. Mich. 2025); *Martinez v. Raycraft*, 2025 WL 3511093 (W.D. Mich. 2025); *Zelaya v. Lynch*, 2025 WL 3496472 (W.D. Mich. 2025); *Huaman Villanueva v. Chesnut*, 2026 WL 19120 (E.D. Cal. 2026); *Colina-Meira v. Lyons*, 2025 WL 3769424 (E.D. Cal. 2025); *Mohammadi v. LaRose*, 2025 WL 3731737 (S.D. Cal. 2025); *Bornachera Florez v. Robbins*, 2025 WL 3718832 (E.D. Cal. 2025); *Gergawi v. LaRose*, 2025 WL 3719321 (S.D. Cal. 2025); *Martinez v. LaRose*, 2025 WL 3677938 (S.D. Cal. 2025); *Singh v. Albarran*, 2025 WL 3640678 (E.D. Cal. 2025); *Ramirez-Bibiano v. LaRose*, 2025 WL 3632748 (S.D. Cal. 2025); *Yasin v. LaRose*, 2025 WL 3638140 (S.D. Cal. 2025); *Khorsheed v. LaRose*, 2025 WL 3638141 (S.D. Cal. 2025); *Bora v. Otay Mesa Detention Center Warden*, 2025 WL 3539166 (S.D. Cal. 2025); *A.V.V. v. LaRose*, 2025 WL 3493566 (S.D. Cal. 2025); *Araujo v. LaRose*, 2025 WL 3278016 (S.D. Cal. 2025); *Perez v. LaRose*, 2025 WL 3171742 (S.D. Cal. 2025); *Ramazan M. v. Andrews*, 2025 WL 3145562 (E.D. Cal. 2025); *Salazar v. Casey*, 2025 WL 3063629 (S.D. Cal. 2025); *Villanueva v. Chestnut*, 2025 WL 2996559 (E.D. Cal. 2025); *Boutta v. Raycraft*, 2025 WL 3628232 (W.D. Mich. 2025).

Accordingly, Petitioner's mandatory detention without the opportunity for a bail hearing is unlawful.